# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA MUNOZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. EDCV 09-2226 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Debra Munoz filed a Complaint on December 11, 2009. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on January 4 and 19, 2010. (Dkt. Nos. 8, 9.) On August 19, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///
///
///
///
///

# I.

# **PROCEDURAL BACKGROUND**

On May 14, 2007, Munoz filed applications for disability insurance benefits and supplemental security income. Administrative Record ("AR") 9. She alleged a disability onset date of February 14, 1999. *Id.* The applications were denied initially and upon reconsideration. *Id.* Munoz requested a hearing before an Administrative Law Judge ("ALJ"). AR 68. On June 16, 2009, an ALJ conducted a hearing at which Munoz and a vocational expert testified. AR 20-49. On July 30, 2009, the ALJ issued a decision denying benefits. AR 6-19. On October 8, 2009, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Munoz meets the insured status requirements through December 31, 2003. AR 11. Munoz has the following medically determinable severe impairments: "fibromyalgia; asthma; and a mood disorder." *Id.* She has the residual functional capacity ("RFC") "to perform less than a full range of light work." AR 13. "Specifically, [Munoz] can occasionally lift and/or carry 20 pounds and frequently 10 pounds; she can stand and/or walk six hours out of an eight-hour work day and sit for six hours; she can occasionally stoop, bend, balance, crawl, kneel and crouch; she is limited to occasional above shoulder reaching bilaterally; she should avoid concentrated exposure to pulmonary irritants; and she is limited to non-public simple, repetitive tasks." *Id.*

The ALJ found that Munoz is not able to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that she can perform, such as bench assembler, inspector, hand packager, and small products assembler II. AR 17-18.

## C. Development of the Record

Munoz contends that the ALJ rejected the opinion of her treating psychiatrist, Dr. Dresbach, based on the lack of treatment records. Munoz contends that the ALJ erred by not obtaining all of Dr. Dresbach's treatment records.

It is the claimant's duty to prove she is disabled. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *see* 42 U.S.C. § 423(d)(5)(A) (claimant must furnish medical and other evidence of his disability); 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have impairment(s) and how severe it is during the time you say you are disabled.").

"The ALJ . . . has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations and quotation marks omitted). The duty is heightened when the claimant is unrepresented or is mentally ill and thus unable to protect her own interests. *Id.* "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459-60. This principle does not, however, allow a claimant to shift her own burden of proving disability to the ALJ. *Id.* at 459.

The California Disability Determination Services requested records from Dr. Dresbach. AR 167, 176, 230-31. Dr. Dresbach produced a Mental Disorder Questionnaire Form dated January 4, 2008, and treatment notes for January 3, 2008 and July 17, 2007. AR 232-38. At the hearing on June 16, 2009, Munoz's attorney submitted a one-page letter from Dr. Dresbach, dated April 7, 2008. AR 22, 246. Munoz's attorney did not indicate Dr. Dresbach had any additional documents and did not request a continuance so additional documents could be obtained.[1]

There is no indication Dr. Dresbach withheld treatment records in response to the records request. Munoz's counsel obtained a subsequent letter from Dr. Dresbach, and there is no basis to infer Dr. Dresbach again failed to provide treatment records if they existed. Munoz now assumes there must be additional treatment records because Dr. Dresbach states Munoz "is monthly med management." AR 246. This is an insufficient

---

[1] At the end of the hearing, the ALJ asked whether there was anything else counsel wished to add. Counsel responded in the negative. AR 48.

basis for an inference that additional treatment records exist, particularly records that would aid in the analysis.

The ALJ did not find the record ambiguous or inadequate to determine disability. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (no duty to recontact physician whose report was not ambiguous). Nor did any physician render an opinion that the record was ambiguous or inadequate. *See Tonapetyan*, 242 F.3d at 1150 (duty to develop record existed when ALJ relied on physician who expressed that more medical evidence was needed to state a diagnostic opinion). Munoz argues that examining physician Dr. Abejuela concluded that Munoz was capable of occupational and social functioning based on a mental status examination and clinical history "[i]n the absence of psychiatric records." AR 196. However, at the time of Dr. Abejuela's examination, Munoz had seen Dr. Dresbach only once on July 17, 2007. AR 196, 236. Dr. Abejuela did not opine that additional medical evidence was necessary for his opinion. Moreover, state agency physician Dr. Skopec concluded Dr. Dresbach's January 4, 2008 report did not preclude Munoz from non-public simple, repetitive tasks. AR 240. The ALJ did not err.

### D. **Treating Physician**

Munoz contends the ALJ erred by rejecting Dr. Dresbach's January and April 2008 opinions that Munoz was unlikely to be able to work. The ALJ stated that "the psychiatric limitations of non public, simple, repetitive tasks are appropriate and generously consider the claimant's complaints of depression and her past use of alcohol abuse." AR 17.

The opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof,

5

and making findings." *Id.* at 632 (citations and quotations omitted). When the ALJ declines to give a treating physician's opinion controlling weight, the ALJ considers several factors, including the following: (1) length of the treatment relationship and frequency of examination;[2] (2) nature and extent of the treatment relationship;[3] (3) the amount of relevant evidence supporting the opinion and the quality of the explanation provided; (4) consistency with record as a whole; and (5) the specialty of the physician providing the opinion. *See id.* at 631; 20 C.F.R. § 404.1527(d)(1)-(6).

A treating physician's opinion as to the ultimate determination of disability is not binding on an ALJ. *McLeod v. Astrue*, 634 F.3d 516, 520 (9th Cir. 2011). The existence of disability "is an administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity" and is reserved to the Commissioner. *Id.*

The ALJ rejected Dr. Dresbach's opinion as to disability because it "is mostly a restatement of the claimant's subjective complaints," and the opinion is inconsistent with Dr. Dresbach's treatment records, Global Assessment of Functioning ("GAF") score of 70, and conservative treatment. In addition, Dr. Dresbach's opinion was inconsistent with other medical evidence in the record. AR 16-17.

An ALJ may discount a treating physician's opinion to the extent it is premised on a claimant's subjective complaints. *Tonapetyan*, 242 F.3d at 1149 (ALJ properly rejected physician's opinion premised on subjective complaints); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) (ALJ may properly consider extent to which physician's

---

[2] "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(i).

[3] "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(d)(2)(ii).

6

opinion is premised on subjective complaints). A comparison of the January 4, 2008 report and the contemporaneous treatment records provides substantial evidence for the ALJ's finding. AR 232-37. As discussed below, the ALJ properly discounted Munoz's credibility.

An ALJ may properly reject a treating physician's opinion that is not supported by clinical findings. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ noted that Dr. Dresbach initially assessed a GAF of 70, which indicates that the person experiences "mild symptoms" and "generally is functioning pretty well."[4] AR 16 & n.3, 238; *see also* Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. text rev. 2000). The ALJ also noted that Dr. Dresbach's treatment records indicated depression was mild and there was no mania. AR 16, 237. Dr. Dresbach's treatment was conservative.

The ALJ also noted Dr. Dresbach's opinions were inconsistent with other medical evidence of record. AR 17. Dr. Dresbach's statement in April 2008 that Munoz had been hospitalized twice in the past two years for psychosis was not supported by the record.[5] AR 16-17. In February 2008, Munoz told Dr. Raja that she had a history of bipolar disorder but with medication she was "doing okay." AR 16, 241-42. Dr. Abejuela conducted a mental status examination and found that Munoz had mild depression and mild anxiety, her reasoning and comprehension remained intact, her cognitive functioning was within normal, and her memory and ability to do simple math was intact. AR 196. The ALJ offered specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Dresbach's opinions. The ALJ did not err.

///

---

[4] In January 2008, Dr. Dresbach assessed a GAF of 65, which is in the same range. AR 237.

[5] Charter Oaks is a recovery center that specializes in treatment for addiction and alcoholism. AR 12 & n.4. The ALJ noted that Munoz denied current use of alcohol or drugs. AR 17. The hospitalization apparently took place in 2006, before Dr. Dresbach started treating Munoz in 2007. AR 195, 232.

**E. Credibility**

Munoz argues that the ALJ improperly discounted her subjective testimony.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The claimant, however, 'need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.' 'Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged.'" *Id.* (citations omitted); *Bunnell*, 947 F.2d at 343. The ALJ found that Munoz's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 15.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn*, 495 F.3d at 635 (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted). The ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and

aggravating factors (*e.g.*, movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13,[6] quotation marks omitted). The ALJ may consider: (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ made no finding of malingering. The ALJ determined that Munoz's subjective complaints about the intensity, persistence and limiting effects of her alleged symptoms "are not credible to the extent they are inconsistent with" the RFC assessment. AR 15. In support of his credibility determination, the ALJ relied on: (1) inconsistencies between Munoz's statements and activities; (2) inconsistencies with the treatment records; and (3) conservative treatment.

The ALJ's first reason is supported by substantial evidence. The ALJ cited inconsistencies between Munoz's statements and activities: "Initially, [Munoz] alleged she could not do anything, but on further questioning she admitted she drove, spent time with her friends, did charity work, went to the movies, watched television, cared for a medium sized dog (including poop pick up), and cleaned the litter box for her cat. She said she lived alone in her house and did a little cooking, did not do major cleaning and said her house was a bit of a mess." AR 14, 42-44. The ALJ also noted that Munoz goes to Alcohol Anonymous one to three times per week and a women's luncheon once per week, and ran up significant gambling losses in 2006. AR 14. The ALJ found that

---

[6] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

9

these activities were inconsistent with Munoz's statements that she slept up to twelve hours per day. AR 14, 195.

Munoz argues that the fact that she could perform these daily activities was insufficient to show that she could work for an eight-hour day. For purposes of assessing Munoz's credibility, however, an ALJ may properly rely on inconsistent statements and inconsistencies between a claimant's statements and her daily activities. *Thomas*, 278 F.3d at 958-59.

Although not sufficient alone, inconsistency with the objective medical record is a factor that may be considered in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). This reason is supported by substantial evidence. The ALJ noted Dr. Dresbach reported that there was no evidence of mania and depression was mild. AR 16, 237. Dr. Dresbach also gave Munoz a GAF of 70, indicating that Munoz has some mild symptoms, but is functioning pretty well. AR 16-17. The ALJ cited Dr. Abejuela's mental status examination findings. AR 17, 191-98, 209-19. Regarding Munoz's physical impairments, the ALJ cited the opinions of Dr. Lin and Dr. Raja, whose conclusions are consistent with the RFC. AR 17, 200-08, 241-42. Dr. Lin noted pain on extreme range of motion only, good motor strength, good muscle tone, normal neurological examinations and normal gait. AR 16, 200-08. Dr. Raja noted Munoz's hand grip is 40 pounds bilaterally, strength is 5/5 in all extremities, and she is able to get on the examination table without assistance. AR 16, 242.

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted). The ALJ noted that Munoz was treated conservatively with medication and medication review. AR 16-17, 236-38, 242, 246.

The ALJ's credibility finding is supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan*, 169 F.3d 595, 600 (9th Cir. 1999)). Accordingly, the ALJ did not err.

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 4, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge